**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. CR 17-602-TUC-CKJ |
| vs. | ) | |
| | ) | |
| Phoenix Begay, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

Pending before the Court is the February 26, 2024, correspondence from Defendant Phoenix Begay ("Begay"). The Court accepts the correspondence as a Request for Sentence Reduction (Doc. 285). The request indicates Begay is seeking relief pursuant to United States Sentencing Guidelines ("USSG") Amendment 821 to eliminate two status points.

The Federal Public Defender ("FPD") has filed a Notice RE: Pro Se Filing (Doc. 286) in which the FPD advises the Court it will not supplement Begay's pro se filing. Further, the United States Probation Office has submitted a Memorandum Regarding the Retroactive Criminal History Amendment of Chapter Four Status Points - Ineligible (Doc. 287). The Memorandum points out that the addition of the two status points, which were added for Begay being under a criminal justice sentence, resulted in Begay having a criminal history score of six. The application of the amendment would result in Begay's total criminal history score being four as no status point would be added; Begay would continue having a Criminal History Category III with no change to the original guideline range. In such circumstances, Begay is not eligible for a reduction in the term of imprisonment.

*Factual and Procedural Background*

During the change of plea proceeding, Begay admitted he agreed with others to kidnap the victim. Change of Plea Transcript (Doc. 241, pp. 21-22), Begay stated he tasered the victim (*Id.* at 25-26); the victim was also placed in handcuffs and leg shackles, then placed in the trunk of a car (*id.* at 27-28). Subsequently, a co-defendant left with the victim in the trunk of the car (*id.* at 30); Begay observed the car being driven into Mexico and agreed the plan was to turn the victim over to the cartel. (*Id.* at 21, 32, 35-36). Further, Begay agreed he did not have a legal duress defense because he did not go to the police. (*Id.* at 37-38). Begay pleaded guilty to conspiracy to kidnap, in violation of 18 U.S.C. §§ 1201(a) and (c), and kidnapping, in violation of 18 U.S.C. § 1201(a)(1).

Pursuant to the USSG, Begay had an adjusted offense level of 34, which included an increase of two levels for the use of a stun gun device to subdue the victim. Additionally, the offense level was decreased by three levels for acceptance of responsibility for a total offense level of 31. Begay's criminal history resulted in a criminal history calculation subtotal of four, with two points added because the offenses were committed while Begay was under a criminal justice sentence. The total criminal history score of six established a criminal history category of III. Based upon a total offense level of 31 and a criminal history category of III, the guideline imprisonment range was 135 months to 168 months. On November 21, 2017, this Court sentenced Begay to a term of imprisonment for 135 months on each offense, to run concurrently and to be followed by a five year term of supervised release. According to the Bureau of Prisons website, Begay has a projected release date of May 9, 2027.

*USSG Amendment 821*

A judgment of conviction that includes a sentence of imprisonment may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). This section establishes an exception to the general rule of finality. *Dillon v. United States*, 560

U.S. 817, 824 (2010). The statute provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Under this provision, the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

The Court must first determine if a retroactive amendment to the USSG lowered a defendant's guideline range and whether a reduction is consistent with the applicable policy statements. *Dillon*, 560 U.S. at 826. The Court must then consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. However, 18 U.S.C. § 3582(c)(2) does not authorize a reduction in a defendant's term of imprisonment as not consistent with the policy statement if an "amendment . . . does not have the effect of lowering the defendant's applicable guideline range." USSG 1B1.10(a)(2)(B); *see also* USSG 1B1.10, Application Note 1.

Amendment 821 to the USSG took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, United States. Sentencing Commission, https://www.ussc.gov/guidelines/amendment/821 (last accessed May 3, 2024). Amendment 821 is bifurcated into Parts A and B.

Part A of Amendment 821 limits the criminal history impact of "status points" under USSG. § 4A1.1.[1] Specifically, with regard to such "status points, a defendant who

---

[1] "Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *United States v. Mariscal-Sanabia*, No. 219CR00251GMNNJK6, 2024 WL 841094, at *3 (D. Nev. Feb. 27, 2024), *quoting United States v. Diaz-Diaz*, No. CR19-0187-JCC, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2023). This Court finds Begay is not eligible for relief under this provision. Indeed, Begay

committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to eliminate such status points for any defendant who otherwise has six or fewer criminal history points and apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

The application of the amendment results in Begay's total criminal history score being four as no status points would be added. However, Begay continues to have a criminal history category of III. Therefore, there is no change to the original guideline range. *See* USSG Sentencing Table, https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2023/Sentencing_Table.pdf (last accessed May 3, 2024). The Court finds Begay is not eligible for a reduction in the term of imprisonment.

Accordingly, IT IS ORDERED:

1. The Request for Sentence Reduction (Doc. 285) is DENIED.

2. The Clerk of Court shall mail a copy of this Order to Begay at the following address:

> Phoelix Begay # 72858-408
> U.S.P. Florence – High
> P. O. Box 7000
> Florence, CO  81226

DATED this 3rd day of May, 2024.

_____
Cindy K. Jorgenson
United States District Judge

---

has not asserted he is eligible for relief on this basis.